# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.  CASE NO: 6:95-cr-179-Orl-22DCI

**CLORETHA LAVERN WHITE**
F/K/A Cloretha White Peak

## ORDER

This cause comes before the Court on the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Cloretha LaVern White, formerly known as Cloretha White Peak. (Doc. 512). The Government has filed a Response in Opposition (Doc. 519) and Defendant has filed a Reply in Support (Doc. 522); thus, the Motion is ripe for review. For the following reasons, the Motion will be denied.

## I. BACKGROUND

On December 14, 1995, Defendant was convicted by a jury of: (1) conspiring to commit carjacking, to use and carry a firearm during and in relation to a crime of violence, to obstruct commerce by robbery, to transport stolen goods in interstate commerce, and to possess with intent to distribute cocaine (Count One); (2) carjacking resulting in death (Count Six); (3) use of a firearm during a crime of violence (Count Seven); (4) obstruction of commerce by robbery (Count Eight); (5) use of a firearm during a crime of violence (Count Nine); and (6) interstate

transportation of stolen goods (Count Thirteen). (Docs. 161, 189). When she was twenty-three years old, Defendant was sentenced to life imprisonment plus twenty-five years. (Doc. 182; Doc. 189 at 2). Defendant is now forty-nine years old, and she has been incarcerated for more than twenty-five years. (Doc. 512 at 1; Doc. 519 at 3). Defendant has no projected release date because she is serving a life sentence. (Doc. 519 at 3).

In her Motion, Defendant requests that the Court reduce her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 512). Defendant asserts that extraordinary and compelling reasons exist "because [Defendant] suffers from medical conditions that increase her risk of severe illness from COVID-19, she has demonstrated extraordinary rehabilitation in her more than 25 years of incarceration, and she would receive a shorter sentence had she been sentenced today." (*Id.* at 1). In its Response, the Government asserts that Defendant has not identified extraordinary and compelling reasons for compassionate release and that the Court should reject Defendant's Motion because the § 3553(a) factors do not warrant release and Defendant would pose a danger to public safety if released. (Doc. 519).

## II. LEGAL STANDARD

The compassionate release statute, as amended by the First Step Act of 2018, outlines the factors that must be considered before a court may grant compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted

all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Before the court may modify a defendant's sentence, it must: (1) determine that the defendant has fully exhausted all administrative rights; (2) find that extraordinary and compelling reasons—as defined in the Sentencing Commission's policy statement—warrant the reduction; and (3) consider the § 3553(a) factors. *Id.*; *see United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021); *United States v. Johnson*, No. 20-14098, _ F. App'x _, 2021 WL 2391581, at *1 (11th Cir. June 11, 2021) (citing *Bryant*, 996 F.3d at 1262–64).[1] The defendant "bears the burden of proving entitlement to relief" under § 3582(c)(1)(A). *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citation omitted).

The applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See Bryant*, 996 F.3d at 1248. To apply U.S.S.G. § 1B1.13, "a court simply considers a defendant's specific circumstances, decides if [she] is dangerous,[2] and determines if [her] circumstances meet any of the four reasons that

---

[1] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[2] More specifically, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

could make [her] eligible for a reduction." *Id.* at 1254. If the court determines that the defendant is not dangerous and her circumstances fit into an approved category, then the defendant "is eligible, and the court moves on to consider the [§] 3553(a) factors in evaluating whether a reduction should be granted." *Id.*

The commentary to U.S.S.G. § 1B1.13 identifies the four circumstances that could make a defendant eligible for a reduction; in other words, "the four categories of extraordinary and compelling reasons, one of which the defendant must fit to be eligible for relief." *Id.* In discussing the four circumstances, the commentary states:

(A) Medical Condition of the Defendant.

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant

>> (i) is at least 65 years old;
>
> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[3]

U.S.S.G. § 1B1.13, cmt. n.1.

If the court finds that the defendant is not dangerous and that extraordinary and compelling reasons exist, the court must consider whether the § 3553(a) factors weigh in favor of release. Specifically, the court must consider: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate

---

[3] The commentary additionally states: "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13, cmt. n.3.

deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *United States v. Laureti*, No. 20-10994, _ F. App'x _, 2021 WL 2396205, at *1 (11th Cir. June 11, 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)).

### III. ANALYSIS

**A. Exhaustion of Administrative Rights**

As an initial matter, Defendant has exhausted her administrative rights; thus, the Court may consider Defendant's Motion on the merits.[4] (Doc. 512-2); 18 U.S.C. § 3582(c)(1)(A); *see United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021).

**B. U.S.S.G. § 1B1.13**

In her Motion, Defendant asserts that her rehabilitation, medical condition, and the severity of her sentence constitute extraordinary and compelling reasons for compassionate release. (*See* Doc. 512 at 11-23). Specifically, Defendant states:

> The Court should exercise its independent authority to conclude what circumstances are extraordinary and compelling and find that Ms. White's rehabilitation and medical conditions, as well as a recent change that would reduce her § 924 sentences, are extraordinary and compelling circumstances warranting a reduction in sentence to time served. In addition to making a finding based on its [independent] authority, the Court should also conclude that Ms. White's medical conditions are an extraordinary and compelling reason under USSG § 1B1.13 app. n.1(A).

(*Id.* at 11 (footnote omitted)).

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the Eleventh

---

[4] On June 11, 2020, Defendant submitted a request for relief entitled "Extraordinary and Compelling Reasons for Mercy (Compassionate Release/Reduction of Sentence)," which was denied by the Warden on September 23, 2020. (Doc. 512-2; *see* Doc. 512 at 4; Doc. 519 at 8).

Circuit held that "1B1.13 is an applicable policy statement for all [§] 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. The court specifically rejected the defendant's argument that "his situation presented extraordinary and compelling reasons warranting a reduction" due to the facts that: "(1) he would not be subject to a 25-year mandatory minimum if he were sentenced today; (2) he received a higher sentence than some of his coconspirators because he chose to go to trial; and (3) he has a good record of rehabilitation in prison."[5] *Id.* at 1250–51.

Based on the Eleventh Circuit's ruling in *Bryant*, the Court has no independent authority to consider "extraordinary and compelling circumstances" that do not fall within the four circumstances delineated in the commentary to § 1B1.13. While the Court commends Defendant's commitment to rehabilitation, the Court cannot determine that a defendant's rehabilitation or a statutory change constitutes an extraordinary and compelling reason for relief. *See Bryant*, 996 F.3d at 1265 ("Because Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence."); *United States v. Griffin*, No. 20-12215,

---

[5] The defendant's first argument related to the First Step Act of 2018's nonretroactive change to 18 U.S.C. § 924(c)'s stacking provision. *See Bryant*, 996 F.3d at 1267 (Martin, J., dissenting) ("First, Mr. Bryant argued that if he were sentenced today, his sentence would be considerably shorter because the First Step Act did away with the long consecutive sentence for stacked § 924(c) charges and specified that 'stacking' would not be allowed in cases like his.").

_ F. App'x _, 2021 WL 2179331 (11th Cir. May 28, 2021) (citing *Bryant*, 996 F.3d 1243) (finding that the defendant's argument, "anything can be considered as extraordinary and compelling reasons to justify a sentence reduction[,] . . . is foreclosed by [Eleventh Circuit] precedent." (internal quotation marks omitted)).

Alternatively, the Court may consider whether Defendant's medical condition is an extraordinary and compelling reason for compassionate release pursuant to Application Note 1(A). Upon review of Defendant's Motion, the Court finds that Defendant has not met her burden of establishing that her medical condition constitutes an extraordinary and compelling reason for compassionate release. The illustrations of medical conditions that qualify as extraordinary and compelling circumstances are illnesses which are terminal, such as "metastatic solid-tumor cancer" and "end-stage organ disease." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).

In her Supplemental Motion, Defendant states that she suffers from obesity and hypertension, and in her initial motion, Defendant lists her health conditions as: "Iron deficiency (Anemia), Pre-Hypertension, Meniere's Disease, Uterine Fibroids, Degenerative [Tendinopathy], and Eczema." (Doc. 512 at 18-23; Doc. 506 at 12). The Court notes that CDC guidance states that people who are obese are at an increased risk of severe illness if they contract COVID-19 and that people with hypertension might be at an increased risk. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019

-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 23, 2021) (discussed in *Harris*, 989 F.3d at 912). However, Defendant's health conditions are not "advanced illness[es] with an end of life trajectory," and Defendant has not established that she is incapable of caring for herself. *See Harris*, 989 F.3d at 912; *United States v. Signore*, No. 20-13768, _ F. App'x _, 2021 WL 2551290, at *3 (11th Cir. June 22, 2021) ("Although [the defendant] suffers from hypertension and high blood pressure, those medical problems do not establish eligibility for a reduced sentence, even considering the COVID-19 pandemic."); *United States v. Johnson*, No. 3:19-cr-136-MMH-MCR, 2021 WL 2337847, at *1 (M.D. Fla. June 8, 2021) ("Indeed, other courts have concluded that obesity, even when combined with the Covid-19 pandemic, is not a basis for a sentence reduction under § 3582(c)(1)(A).").

Thus, Defendant has not demonstrated that her medical condition constitutes an extraordinary and compelling reason for compassionate release.

### C. 18 U.S.C. § 3553(a)

Even if Defendant had presented an extraordinary and compelling reason for relief, the applicable § 3553(a) factors would not weigh in favor of compassionate release in her case. While the Court recognizes Defendant's rehabilitation efforts since her incarceration, the Court cannot overlook the violent nature of Defendant's crimes and the fact that she was involved in a carjacking which resulted in death. (*See* Doc. 505 at 2-3). Specifically, Defendant and her co-defendants committed

multiple crimes in a short period of time, including: one attempted carjacking where Defendant threatened the driver with a gun; one carjacking where the driver was killed by a co-defendant after Defendant handed her a gun; one armed robbery of a jewelry store where Defendant drove the getaway car (which was the vehicle she and her co-defendants had previously carjacked); and one armed robbery of a different jewelry store where Defendant pointed a gun at the store employees. (*Id.*). Considering the nature of Defendant's crimes and her level of involvement, Defendant's sentence reflects the seriousness of her offenses, deters criminal conduct, protects the public, and serves as a just punishment. *See United States v. Morman*, No. 20-13488, _ F. App'x _, 2021 WL 1831810 (11th Cir. May 7, 2021) (affirming the district court's denial of compassionate release where the defendant had committed violent crimes); *United States v. Galvez*, No. 20-13557, _ F. App'x _, 2021 WL 1574045, at *2 (11th Cir. Apr. 22, 2021) (same).

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Cloretha LaVern White's Motion for Compassionate Release (Doc. 512) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 2, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Magistrate Judge
United States Marshals Service
United States Probation Office
United States Pretrial Services